HENRY STEDEKER, Respondent, *against* HENRY O. BERNARD, Appellant.

(Decided June 25th, 1883.)

In an action against copartners upon a check made in their firm name payable to the order of plaintiff, the answer on behalf of all the defendants set up that one of them individually made a check for the same amount, but whether it was the one set forth in the complaint they had no information sufficient to form a belief; and that the check so made was not made by or on behalf of the firm, or on behalf of any business transaction or dealing of the firm, but by such defendant for his own private concern, which was known to plaintiff at the time of making and delivering the check. The answer, verification being required, was verified by defendants' attorney, his verification setting forth that he had personal knowledge of all the facts set up in the answer, from conversations which he had with the defendant stated to have made the check. *Held,* that the answer, as verified by the attorney, was evasive and frivolous, and that a several judgment against the defendant stated to have made the check, leaving the action to proceed as against the others, was proper.

APPEAL from a judgment of this court entered upon an order directing judgment for plaintiff upon an answer as frivolous, as against one defendant, and severing the action and allowing it to proceed against the other defendants.

The facts are stated in the opinion. See also the report of a previous decision in the same case, 10 Daly 466.

*James M. Smith,* for appellant.

*John Graham,* for respondent.

CHARLES P. DALY, Chief Justice.—This is an appeal from a judgment against Henry O. Bernard, which brings under review the order by which judgment was directed to be entered up against him. The action was originally brought against himself and two others—Henry K. Taft and Theodore B. Smart—as partners under the name of H. O. Bernard & Co., to recover upon a check for $5,000,

made by H. O. Bernard & Co. to the order of the plaintiff. The complaint was verified, and requiring a verified answer, an answer for all the defendants was put in, verified by A. H. Nones, as their attorney, which verification sets forth that he (the attorney) had personal knowledge of all the facts set up in the answer from conversations which he had with Bernard. The answer thus verified by the attorney sets up that on the day of the date of the check sued upon, the defendant, Henry O. Bernard, individually made a check for the same amount ($5,000), but whether the check so made is the one set forth in the complaint, the defendants had no information sufficient to form a belief, and that the check so made by Henry O. Bernard was not made by or on behalf of the firm, or on the behalf of any business transaction or dealing of the firm ; that the firm never owned or had possession or any interest in it, or ever indorsed or delivered it to the plaintiff or to any other person ; that it was made by Henry O. Bernard for his own private concern and entirely outside of the business transactions of the firm, all of which was known to the plaintiff at the time of the making and delivering of the check.

Upon this answer the plaintiff moved, upon affidavits, for judgment against the defendants on the following grounds : first, because the verification was defective ; second, that the answer was frivolous ; third, that it should be stricken out as sham ; and, if these applications were denied, that the plaintiff should have leave to enter up a separate judgment against the defendant Bernard. The motion was granted. An order was made directing judgment to be entered against the defendant Bernard for the amount of the check, the answer presenting no defense as to him, and that as respects the other two defendants, the action be severed and continued as against them, with liberty to them to put in an amended answer. So far as the order affects them it is not under review, as they have taken no appeal from it.

The only question is, whether, upon the answer, it was a proper order as against the defendant Bernard.

The answer, as verified by the attorney, was evasive and frivolous. An attorney is allowed to verify an answer where all the material allegations in it are within his personal knowledge, which was not the case here. He could not know, so as to verify the pleading, from the conversations which he had with Bernard, that the defendants had not information sufficient to form a belief whether the check made by Bernard, on the same day, and for the same amount, was the one set forth in the complaint. He could not swear as to the information and belief of the other defendants, from his conversations with Bernard, even if he could so swear with respect to Bernard himself.

The answer, moreover, did not state whether the check referred to in it, as given by Bernard, was signed in his name individually, or in the name of the firm; and if the answer did not refer to the check in suit, then the matter set up in it was immaterial and constituted no answer; or if, on the other hand, it was to be taken as referring to the check set forth in the complaint, then it was an admission on the part of Bernard that he was liable individually on it to the plaintiff, which entitled the plaintiff to an individual judgment against him. Of such a judgment he certainly could not complain, as the judgment was entered in accordance with his own statement that the check was not made by or on behalf of the firm, but " for his own private concern, and entirely outside of the business transactions of the firm ; " and this being the case, it could make no difference to him whether the judgment was entered up against him individually upon this motion, or deferred until it should be ascertained whether Taft and Smart were jointly liable on it; for in the answer it is not claimed that they are, but on the contrary, that they are not.

So far as they might be affected by allowing the action to be severed and continued against them, they have acquiesced in the order, having brought no appeal; but, on the contrary, have served their amended answer in the action as so severed and continued ; and it does not lie with him, upon this appeal, to object to the order on their account;

Whether the answer is treated as sham or frivolous, or as setting up a valid defense for them, the result to him, in either case, is the same. He cannot claim that if they are held to be liable the judgment should be entered up jointly against all, that he may have the benefit of their co-liability on the judgment, for the defense set up by him in the joint answer is that he alone is liable, having made the check for his own private benefit. So, as I have said, the judgment is entered as he claimed it should be, as an individual judgment against himself.

Formerly, where several parties were sued on a joint obligation and one of them made default or otherwise admitted his liability, no judgment could be entered against him individually, for no recovery could be had in the action unless a joint obligation by all was established (*Mitchell* v. *Ostrom*, 2 Hill 520 ; *Shirreff* v. *Wilkes*, 1 East 48) ; and if, upon the trial of the issue between the plaintiff and the defendants who appeared, the plaintiff was nonsuited, having failed to show a joint liability, the nonsuit operated equally for the benefit of the defendant who had not appeared, the judgment of nonsuit being a judgment for all the defendants. But the Code has changed this and provided (§ 1205) that where the action is against several defendants and a several judgment is proper, the court may in its discretion render judgment against one or more of the defendants, or require the plaintiff to take such a judgment ; and, to enable it to render the judgment, that the court may direct the action to be severed, and proceed against the others as the only defendants. A several judgment was proper in this case ; for where one of several partners makes a note in the name of the firm for his private benefit only, although no action in such a case would lie against the firm, an action on the note may be maintained against him (*Mitchell* v. *Ostrom, supra*). And, in such a case, if all the partners are sued upon the note, the judgment may be entered up against the partners who made it, and the suit dismissed as to the others. This was expressly held by the Court of Appeals, in *Fielden* v. *Lahens*

(2 Abb. App. Dec. 111), to be the effect of the change made by the 136th section of the Code of 1860, which was not as comprehensive as section 274 of the Code of 1870, which provided that the court, in its discretion, might render judgment against one or more of the defendants, and, as was done in this case, leave the action to proceed against the others; and by section 1205 of the present Code, above cited, the Code is made still more comprehensive.

But in addition to the question arising upon the pleading, it appeared upon the motion, in connection with the pleading, by the plaintiff's affidavit, that Bernard stated to the plaintiff that he (Bernard) was the H. O. Bernard & Co., and that Taft and Smart had merely a working interest in the business. This was stated by him in reply to an inquiry by the plaintiff as to where the plaintiff could find Taft and Smart to serve the summons on them, and that Bernard made this statement was not denied by him; the only affidavit read on his behalf being one by the bookkeeper, that the firm was composed of Bernard, Taft and Smart, which did not amount to a denial that Bernard made to the plaintiff the admission above stated. This was an additional reason, in connection with the pleading, for ordering a judgment to be entered up individually against him.

The judgment should therefore be affirmed, which will dispose alike of the appeal from it and the motion to dismiss the appeal.

BEACH, J., concurred.

Judgment affirmed.*

---

* A motion to dismiss an appeal from the judgment entered upon this decision was denied by the Court of Appeals, October 26th, 1883 (see 93 N. Y. 589).